UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY J. TURLEY,<br>    Plaintiff, | )<br>)<br>) |
| vs. | )     Case No. 23-cv-4071<br>) |
| JUSTIN HAMMERS, *et al.*,<br>    Defendants. | )<br>)<br>) |

## MERIT REVIEW ORDER

Plaintiff, an inmate incarcerated at Hill Correctional Center ("Hill"), files suit under 42 U.S.C. § 1983 challenging restrictions imposed by, and conditions of confinement resulting from, numerous "lockdowns" at the facility beginning on September 1, 2022.

The Court is required by 28 U.S.C. § 1915A to "screen" the complaint, and through such process, to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires

1

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff files suit against Defendants Justin Hammers, Christine Brannon-Dortch, Mark Williams, Tyrone Baker, Melissa Shulthes, John/Jane Does (IDOC Labor Management), Raul Martinez, Ross Ford, John/Jane Does (IDOC Major/Shift Commanders), John/Jane Doe (Labor Union for Majors), Sergeant Stickle, Sergeant Toops, and John/Jane Does (AFSCME Union Local 1274 Agents/Members).

Plaintiff alleges that Defendants conspired to eliminate the use of forced overtime for security staff and allowed security personnel to refuse overtime mandates by the shift commander. Plaintiff alleges that the excessive use of lockdowns arose out of a conspiracy among prison officials and union employees to create a staff shortage and negotiate a pay raise.

Plaintiff alleges he was subjected to 128 lockdowns between September 1, 2022, and May 5, 2023, but he does not indicate how long the lockdowns lasted. During the lockdowns, Plaintiff claims he was confined to his cell and denied all scheduled out-of-cell services, including medical, mental health, and dental appointments, yard time, self-betterment and educational programming, laundry services, and access to the law library and commissary.

Plaintiff claims he was previously diagnosed with a depression and anxiety disorder, and the lockdowns have caused psychological distress, severe headaches,

stress, and joint pain. Plaintiff also states he has rheumatoid arthritis and has been deprived of daily out-of-cell exercise to alleviate his severe joint pain and stiffness.

## ANALYSIS

Plaintiff's allegations as to the conditions of confinement during lockdowns will not rise to the level of a constitutional violation unless "unquestioned and serious" and contrary to "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Mere discomfort and inconvenience will not implicate the Constitution. *Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986). A prison official does not become liable for inhumane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff alleges that he was denied access to laundry services during lockdowns, but he does not indicate how long he was without clean laundry. As a result, the Court cannot fully evaluate this claim. *See Martin v. Lane*, 766 F. Supp. 641, 648 (N.D. Ill. 1991) (deprivation of laundry services and hygienic supplies for between three and eighteen days did not constitute a violation of a prisoner's Eighth Amendment rights). "An adverse condition of confinement, if endured over a significant time, can become an Eighth Amendment violation even if it would not be impermissible if it were only a short-term problem." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (citing *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997)).

Plaintiff alleges that he needs daily out-of-cell exercise because he suffers from rheumatoid arthritis and has been denied access to the yard during lockdowns. "Lack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996). "[T]here is a significant difference between a lack of outdoor recreation and an inability to exercise." *Smith v. Dart*, 803 F.3d 304, 313 (7th Cir. 2015). Here, Plaintiff fails to establish that the limits placed on his daily exercise rises to the level of a constitutional violation. Although he alleges that he was denied access to the yard during lockdowns, Plaintiff does not allege that his movements were restricted to the point that he was unable to exercise inside his cell. *See Smith*, 803 F.3d at 313; *see also French v. Owens*, 777 F.2d 1250, 1256 (7th Cir. 1985) ("[n]or can we call it a 'wanton and unnecessary infliction of pain' to have to exercise in cramped quarters.").

Plaintiff also complains of the lack of access to "self-betterment and educational programming." (Doc. 1 at 3). There is, however, no constitutional right to such educational opportunities. *See Garza v. Miller*, 688 F.2d 480, 485 (7th Cir. 1982); *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000) (citing *Higgason v. Farley,* 83 F.3d 807, 809 (7th Cir.1996) ("the denial of access to educational programs does not infringe on a protected liberty interest.")).

Plaintiff also alleges he was denied access to the law library during lockdowns. Prisoners have a constitutional right of access to the courts, and a "natural extension of that guarantee is providing prisoners with reasonable access to law libraries." *Martin v. Lane*, 766 F. Supp. 641, 646 (N.D. Ill. 1991). However, Plaintiff's sparse allegations are

4

insufficient to establish a constitutional claim. *See Stewart v. McGinnis*, 800 F. Supp. 604, 618 (N.D. Ill. 1992) (inmate failed to establish claim that his right of access to courts was violated when he was denied access to prison law library during 94-day lockdown where inmate failed to present evidence of court dates missed, inability to make timely filings, or loss of a case he could otherwise have won). This claim is dismissed without prejudice. Plaintiff will be given leave to amend.

Plaintiff also claims he was denied access to the commissary during lockdowns. "Because inmates' basic necessities are furnished by the State, they have no protected interest in making commissary purchases." *Animashaun v. Keefe Commissary Network*, 2013 WL 3321863, at *1 (N.D. Ill. June 28, 2013); *see also Robinson v. Illinois State Corr. Ctr. (Stateville) Warden*, 890 F. Supp. 715, 718 (N.D. Ill. 1995). As a result, Plaintiff has not articulated a constitutional violation based on restricted access to the commissary.

Finally, Plaintiff claims that all medical, mental health, and dental appointments were cancelled during lockdowns, but Plaintiff does not indicate that his appointments were cancelled, allege that he was harmed, or claim that Defendants ignored his medical needs during lockdowns.

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A claim of deliberate indifference contains both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must demonstrate that his medical condition is "objectively, sufficiently serious." *Id*. An objectively serious medical condition is one that "has been

5

diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Hayes*, 546 F.3d at 522.

To satisfy the subjective component, the inmate must demonstrate that the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. The official must know of and disregard an excessive risk to the inmate's health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prisoner must show that the defendant engaged in more than negligence and that the defendant's conduct approached intentional wrongdoing or criminal recklessness. *Holloway v. Delaware Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012) (citing *Farmer*, 511 U.S. at 837).

Based on his allegations, Plaintiff has not alleged a viable Eighth Amendment claim. Plaintiff, generally, does not identify the manner in which any individual Defendant failed to take reasonable measures to correct the alleged conditions, so as to plead how they were deliberately indifferent to him. Additionally, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park,* 430 F.3d 805, 810 (7th Cir. 2005) (citations omitted). Here, it is unclear how each Defendant allegedly participated in any constitutional deprivation. Defendants cannot be held liable merely because of their supervisory positions, as the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under § 1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992).

Since Plaintiff is proceeding *pro se*, the Court will allow him one opportunity to file an amended complaint if he believes he can clarify and state a claim. The amended complaint must stand complete on its own and must not refer to any previous filing.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have one opportunity to file an amended complaint within 21 days from the entry of this Order. Plaintiff's amended complaint will replace his complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2) The Clerk is directed to provide Plaintiff with a complaint form.

3) Plaintiff's Motion for Case Status [6] is MOOT.

4) Plaintiff's Motion [7] asking the Court to mail all documents filed in this matter to him due limited law library services at Hill Correctional Center is DENIED.

5) The Clerk is directed to STRIKE Plaintiff's Motion [8] because it is identical to Plaintiff's Motion [7].

6) Plaintiff's Motion for Merit Review [9] is MOOT.

ENTERED: 9/25/2023

s/ James E. Shadid  
James E. Shadid  
U.S. District Court Judge